UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 09-CV-081-KKC

VICKIE L. HEABERLIN                                                                                         PLAINTIFF

v.                 **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY                                                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on cross motions for summary[1] judgment filed by Plaintiff Vickie L. Heaberlin ("Heaberlin") and Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). Rec. 11, 12, 15. For the reasons set forth below, the Court finds that the Commissioner's decision denying benefits is supported by substantial evidence in the record. Accordingly, the Court will grant the Commissioner's motion for summary judgment.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Heaberlin filed an application for Disability Insurance Benefits under Title II and an application for Supplemental Security Income under Title XVI on June 13, 2006. AR 128-31. Both applications allege a period of disability beginning on September 30, 2005 because of a history of triple bypass surgery, diabetes, anxiety, depression and chest pain. AR 159. Heaberlin's application was denied initially and upon reconsideration. AR 52. She then timely filed a request for a hearing before an administrative law judge ("ALJ").

A hearing was held before an ALJ in Huntington, West Virginia on July 9, 2008. AR 52,

---

[1] Heaberlin's motion is styled as a motion for judgment on the pleadings. However, it should have been submitted as a motion for summary judgment.

109. Heaberlin and a vocational expert ("VE") appeared at the hearing and testified. AR 1-32. The ALJ then held a supplemental hearing on November 21, 2008 to consider new evidence. AR 33-44. On March 3, 2009, the ALJ issued an unfavorable decision, denying Heaberlin's claim for benefits. AR 49-64.

Heaberlin then petitioned the Social Security Administration's Appeals Council which denied the request for review. As a result, the ALJ's decision became the final decision for the Commissioner. Because Heaberlin timely pursued and exhausted all available administrative remedies prior to filing suit in this Court, this case is now ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court must defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475

(6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court may not review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 Fed. App'x 503, 506 (6th Cir. 2005).

**B. Overview of the Process**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by her impairment and that she is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show she is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that she suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that her impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimants' impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the RFC, he must determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given her RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

**C. The ALJ's Decision**

At step one of the sequential evaluation process, the ALJ found that Heaberlin has not engaged in substantial gainful activity since September 30, 2005, the alleged disability onset date. AR 54. Although Heaberlin testified that she worked in May 2006 sewing zippers in cushions for couches, the ALJ found that this work did not rise to the level of substantial gainful activity. AR 55. At step two, the ALJ found that Heaberlin had the following severe impairments: (1) coronary artery disease/congestive heart failure status post triple gastric bypass; (2) hypertension; (3) history of chronic obstructive pulmonary disease ("COPD"); (4) poorly controlled diabetes mellitus; and (5) obesity. *Id.* However, the ALJ found that Heaberlin's depression, anxiety, history of gastroesophageal disease ("GERD"), peripheral neuropathy and hernia scar were not severe impairments. AR 56.

At step three, the ALJ found that Heaberlin did not have an impairment or combination of impairments meeting or medically equaling a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. AR 57. Specifically, the ALJ found that Heaberlin's breathing problems did not meet Listing 3.02A. *Id.* The ALJ also found that Heaberlin's heart condition and hypertension did not meet listing 4.00. With regard to Heaberlin's insulin dependent diabetes mellitus ("IDDM"), the ALJ found that listing 11.00 was not met. In considering all of Heaberlin's impairments in combination, the ALJ determined that they did not meet or medically equal any listing. AR 58.

Prior to step four, the ALJ found that Heaberlin had the RFC to:

lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk six hours total in an eight-hour workday, one hour at a time; sit six hours in total in an eight-hour workday, two hours at a time; frequently be able to reach, handle, finger, feel, or push/pull bilaterally; frequently be able to operate foot controls bilaterally; frequently climb, balance, stoop, kneel, crouch and crawl; frequently be exposed to unprotected heights, moving mechanical parts, operate a motor vehicle, humidity/wetness or vibrations; only occasionally be exposed to dusts, odors, fumes or pulmonary irritants and extreme hot/cold; and frequently be exposed to loud (heavy traffic) noise.

AR 58. In making this finding, the ALJ considered Heaberlin's testimony about the intensity, persistence and limiting effects of her symptoms, which she found to not be fully credible because it was inconsistent with the weight of the medical evidence in the record and Heaberlin's daily activities. AR 59. At step four, the ALJ then found that Heaberlin was able to perform her past relevant work as a care giver companion and cashier. AR 61. This finding was based on testimony by the VE that someone with Heaberlin's RFC could perform her past relevant work as those jobs are described by the Dictionary of Occupational Titles ("DOT"). *Id.*

In an alternative finding, the ALJ found at step five that an individual of Heaberlin's age,

5

education, past work experience and RFC would be able to perform other jobs that exist in significant numbers in the national economy. AR 62. This finding was based on testimony by the VE. *Id.* Accordingly, the ALJ found that Heaberlin has not been under a disability as defined in the Social Security Act, from September 30, 2005 through the date of the decision. AR 63-64.

**D. Analysis**

Heaberlin raises several arguments in support of her contention that the ALJ's hearing decision denying benefits is not supported by substantial evidence. The Court will address each of these arguments in turn.

**1. Whether Heaberlin's physical and mental impairments meet or medically equal a listed impairment?**

Heaberlin argues that a fair review of the evidence and thoughtful consideration of her physical and mental impairments demands the conclusion that her combination of impairments equals a listed impairment. Because the Commissioner only has the burden of proof on the "fifth step, proving that there is work available in the economy that the claimant can perform," the burden was clearly on Heaberlin to establish that her impairments met or medically equaled a listing. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). The ALJ's hearing decision specifically discussed the listings related to each of Heaberlin's impairments. The hearing decision also indicates that the ALJ considered whether all the combination of Heaberlin's impairments met or medically equaled a listing. Heaberlin has not indicated what listing the ALJ failed to consider or how the ALJ's findings as to any of the listings discussed in the hearing decision were incorrect. Accordingly, the Court finds that this undeveloped and

conclusory argument is without merit and holds that the ALJ's determination that Heaberlin's impairments whether considered individually or in combination failed to meet or medically equal a listed impairment is supported by substantial evidence.

**2. The ALJ's finding that Heaberlin's depression is not a severe impairment.**

Heaberlin next argues that the ALJ erred by finding that her anxiety and depression were not severe impairments. This argument is without merit. As noted in the Court's discussion of the ALJ's hearing decision, Heaberlin was found to have several severe impairments including coronary artery disease/congestive heart failure, hypertension, history of COPD, poorly controlled diabetes mellitus and obesity. AR 55. *See* 20 C.F.R. § 404.1520(c)("If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."). The Court agrees with the Commissioner that because the ALJ found Heaberlin to have several severe impairments at step two, whether or not the ALJ found Heaberlin's depression and anxiety to be severe impairments is irrelevant because the ALJ was required to consider them for the remainder of the evaluation process. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)(explaining that the court did not need to answer whether the ALJ erred by failing to find the claimant's cervical condition a severe impairment because the ALJ found claimant to suffer from other severe impairments so that any error "could not constitute reversible error."). Accordingly, the Court finds that the ALJ did not commit reversible error by not finding Heaberlin's depression and anxiety to be severe

impairments.²

### 3. The opinion of Physician's Assistant Paul G. Connor

Heaberlin claims that the ALJ erred by failing to articulate in a meaningful manner why she disregarded the opinion of Heaberlin's treating health care provider, Paul G. Conner ("Conner"). Regarding Heaberlin's ability to work, Connor opined that "[d]ue to the combination of depression, heart dz and pulmonary dz - it would be very difficult for her to do part time work. Full time work is unlikely - even sedentary." AR 682-83.

Social Security Regulations make clear that physicians' assistants are not considered "acceptable medical sources," but are "other sources" whose opinions an ALJ is required to consider. *See* 20 C.F.R. 404.1513(d)(1). The proper treatment of such "other sources" has been clarified by Social Security Ruling 06-03p, which notes that:

> [w]ith the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with other relevant evidence in the file.

SSR 06-03p, 2006 SSR LEXIS 5, at *3, 2006 WL 2263437 (2006). In this case, the ALJ recognized that unlike the opinion of a treating physician, Connor's opinion was not binding. Nevertheless, she considered the opinion, ultimately rejecting it because it was inconsistent with the overall medical evidence in the record and portions of Heaberlin's testimony. Furthermore, the ALJ noted that Connor's opinion was based in part on Heaberlin's depression despite the fact

---

² In addition, the Court wishes notes that the ALJ appeared to give good reasons supporting her finding that Heaberlin's depression and anxiety did not rise to the level of severe impairments. *See* AR 56-57.

that Heaberlin received no mental health treatment from Valley Health Fort Gay except for medication. The ALJ also noted that any reliance on pulmonary disease for the limitations imposed by Connor was inconsistent with Heaberlin's acknowledgment that she continues to smoke 1 1/2 packs of cigarettes per day. For these reasons and other reasons contained in the ALJ's hearing decision, the Court finds that the ALJ properly rejected Connor's opinion.

**4. The opinion of Dr. Paul W. Craig.**

Heaberlin also challenges the ALJ's rejection of the opinion of Dr. Paul W. Craig ("Dr. Craig") who performed a consultative examination on November 18, 2008. AR 714. Dr. Craig opined that Heaberlin had:

> [l]imited physical capacity primarily manifested by lack of endurance. This claimant falls into a sedentary to light physical capacity category, but it remains highly improbable that she could sustain eight hours per day, five days per week of regular gainful employment on a continuous basis.

AR 714. Heaberlin initially argues that the ALJ failed to follow the "attending physician rule" in rejecting Dr. Craig's opinion. *See Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). However, it is worth noting that the opinion of a one-time examining physician is not a treating or attending source opinion and is not entitled to significant deference. *See Barker v. Shalala*, 40 F.3d 789, 794 (1994); *see also Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 452 (6th Cir. 1986). In addition, the Sixth Circuit has recognized that the reason giving requirement, requiring an ALJ to give "good reasons" for rejecting the opinion of a treating physician does not apply to the opinions of one-time examining physicians. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876-77 (6th Cir. 2007).

In this case, the ALJ found that Heaberlin's testimony regarding her daily activities was

9

inconsistent with Dr. Craig's opinion. Heaberlin testified that she can walk 1/2 or 1/4 of a mile per day and can lift fifteen pounds. She also testified that she takes care of her two children and helps care for her sixteen month old granddaughter. Heaberlin only seeks medical treatment every three months. The ALJ noted that despite her alleged pulmonary problems, she continues to smoke 1 1/2 packs of cigarettes per day. Finally, the medical evidence indicates that Heaberlin was non-compliant with her diabetes medication management.

Upon reviewing Dr. Craig's opinion, the ALJ determined that it was based on Heaberlin's subjective complaints and was inconsistent with the overall objective medical evidence in the record. The ALJ also found Dr. Craig's opinion internally inconsistent because it at one point indicates that it is highly improbable that Heaberlin can perform substantial gainful employment on a continuous basis but then completely precludes her from doing work in the functional capacity assessment. In light of the evidence in the record, the ALJ's reasoning for rejecting Dr. Craig's opinion, and based on the fact that Dr. Craig was not a treating or attending physician, the Court finds that the ALJ's decision rejecting his opinion is supported by substantial evidence.

**5. Heaberlin's subjective complaints of pain and the ALJ's credibility assessment.**

Heaberlin next claims that the ALJ erred by failing to give her testimony about the intensity, persistence and limiting effects of her pain full credibility. This argument is based on testimony by the VE that if full credibility were given to her testimony, a finding of disability would have been warranted. AR 30.

Heaberlin's subjective assessment of her symptoms is relevant to determining whether she suffers from a disability but is not conclusive evidence of disability. *Warner*, 375 F.3d at 392

(citing *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)). In evaluating Heaberlin's subjective complaints of pain, the ALJ was permitted to consider her credibility and this Court should ordinarily accord great deference to that credibility determination. *Id.* In order to evaluate claims of disabling pain, the Sixth Circuit has developed a two-prong test:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* (citing *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994)). Although the Sixth Circuit has recognized that it is "for the ALJ and not the reviewing Court to evaluate the credibility of witnesses, including that of the claimant," the ALJ may not make that determination "based solely upon an intangible or intuitive notion about an individual's credibility." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007)(quoting Soc. Sec. Rul. 96-7p, 1996 SSR LEXIS 4, *11, 1996 WL 374186, at *4 (1996).

In this case, the ALJ gave several reasons for not giving Heaberlin's testimony full credibility. The ALJ indicated that despite her alleged problems with COPD, Heaberlin continued to smoke 1 1/2 packs of cigarettes per day. In addition, pulmonary function studies were mild and Heaberlin reported that her use of inhalers was helping. With regard to Heaberlin's diabetes, the ALJ noted that she was non-compliant with her medications. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (1988)(finding that an ALJ's adverse credibility finding was supported by the claimant's failure to follow medical advice and by evidence that the claimant continued to smoke two packs of cigarettes per day). The ALJ also recognized that Heaberlin had not sought any recent medical treatment for her heart condition

and found that her condition had been essentially stable since her bypass surgery. This was supported by chest-x rays and ECGs which were within normal limits. The ALJ also considered testimony by Heaberlin that she suffered from peripheral neuropathy. However, the ALJ noted that there was no indication that she had ever undergone a NCV study or that she was on medication for this condition.

Finally, the ALJ considered whether Heaberlin's daily activities were consistent with her statements about the intensity, persistence and limiting effects of her pain. An ALJ may consider a claimant's daily activities in making the credibility determination. *See, e.g.*, *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 921 (1987)(holding that an ALJ may reject a claimant's testimony of disabling pain where that testimony was inconsistent with the claimant's daily activities). The ALJ noted that Heaberlin takes care of her children and her granddaughter who is only eighteen months old. Heaberlin also reported being able to cook, perform chores around the house, take care of her personal hygiene needs, shop and wash dishes. Heaberlin also attends church twice per month and sews. The ALJ found that this level of daily activity was inconsistent with Heaberlin's allegations of disabling pain.

This Court is mindful that an ALJ's finding regarding Heaberlin's credibility is entitled to great deference. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 230 (6th Cir. 1990). In this case, the Court finds that the ALJ gave clear reasons for discrediting Heaberlin's testimony, a decision that the Court finds supported by substantial evidence. Accordingly, the Court will accord the ALJ's credibility determination the appropriate level of deference.

**6. Whether the ALJ failed to allow Heaberlin to fully develop the record?**

Heaberlin's final contention is that the ALJ erred by failing to allow the record to be fully

developed. Heaberlin's presents three instances supporting her argument. First, Heaberlin's counsel requested that Dr. Marshall attend the supplemental hearing so that he could be cross examined on his opinion. Second, Heaberlin's counsel requested that Dr. Stauffer be present at the supplemental hearing to be cross examined. Heaberlin represents that the ALJ failed to request the attendance of these medical sources. Finally, Heaberlin claims that the ALJ erred by failing to tender interrogatories to these sources based on a finding that their subject matter was irrelevant.

The Court finds this claim to be without merit. The ALJ's hearing decision indicates that she requested that Heaberlin's counsel provide in writing the questions that he wanted to pose to Dr. Stauffer and Dr. Marshall. Upon reviewing the submitted questions, the ALJ denied the requested interrogatories as irrelevant because they went to Heaberlin's credibility, an issue which she deemed to be for the ALJ to resolve. The Court agrees with the ALJ's reasoning in finding that the requested interrogatories were irrelevant.

Social Security Regulations provide that "[o]pinions on some issues...are not medical opinions...but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(e). The Sixth Circuit has recognized that precedent in this circuit and agency rulings support the fact that medical source opinions on a claimant's credibility address an issue reserved for the Commissioner and are not medical opinions requiring consideration. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009).

In this case, the credibility determination about Heaberlin's subjective complaints of pain

13

properly rested with the ALJ. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6t Cir. 1997)("[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."). Accordingly, the Court finds that the ALJ did not err by failing to procure the attendance of Dr. Marshall and Dr. Stauffer at the supplemental hearing and refusing to tender the interrogatories submitted by Heaberlin's counsel which she deemed irrelevant.

### III.   CONCLUSION

For the reasons set forth above, the Court holds that the Commissioner denying Heaberlin's claim for benefits is supported by substantial evidence. Accordingly, it is **HEREBY ORDERED** as follows:

(1)   Plaintiff's motion for judgment on the pleadings [R. 11] is **DENIED;**

(2)   The Commissioner's motion for summary judgment [R. 15] is **GRANTED;** and

(3)   **JUDGMENT** in favor of the Commissioner will be entered contemporaneously herewith.

Dated this 12th day of April, 2010.

Signed By:
*Karen K. Caldwell*
**United States District Judge**